**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 23-cv-1351-RMR-STV

GRCO LLC, a Missouri limited liability company,

    Plaintiff,

v.

GRANBY RANCH METROPOLITAN DISTRICT, a quasi-municipal corporation and political subdivision of the State of Colorado,

    Defendant.

---

## ORDER ADOPTING MAGISTRATE JUDGE RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Scott T. Varholak entered on December 21, 2023, ECF No. 42, addressing Defendant's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 19. Magistrate Judge Varholak recommends that the Defendant's motion be granted in part and denied in part. ECF No. 42.

Plaintiff timely filed an Objection to the Recommendation. ECF No. 43. Defendant filed a response. ECF No. 44. The Court has received and considered the Recommendation, the Objection, the record, and the pleadings. For the reasons stated below, the Court overrules the Plaintiff's Objection. Accordingly, the Court adopts the Recommendation, and concludes that Defendant's motion to dismiss be granted in part and denied in part.

## I.   LEGAL STANDARD

The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). When no proper objection is filed, "the court need only satisfy itself that there

is no clear error on the face of the record in order to accept the recommendation."[1] Fed. R. Civ. P. 72(b) advisory committee's note to 1993 amendment.

## II. ANALYSIS

The parties do not object to the factual or procedural background discussed in the Recommendation. Accordingly, the Court adopts and incorporates the factual and procedural background included within the Recommendation as if set forth herein.

Defendant Granby Ranch Metropolitan District ("Defendant") moves to dismiss each of Plaintiff's nine counts in its Amended Complaint. Magistrate Judge Varholak recommends denying Defendant's Motion to the extent it seeks to dismiss Counts I, II, V, VII, and VIII, but granting Defendant's Motion to the extent it seeks to dismiss Counts III, IV, VI, and VII. Plaintiff specifically objects to the Magistrate Judge's Recommendation that Counts III and IV be dismissed.

### A. Count III

Plaintiff first objects to Magistrate Judge Varholak's recommendation that Count III—alleging that Defendant violated C.R.S. § 29-1-803(1)—be dismissed for lack of standing.

To establish standing, a plaintiff must have suffered an injury in fact, there must be a causal connection between the injury and the conduct complained of, and it must be likely that the injury will be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). An "injury in fact" is an invasion of a legally protected

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b). *See, e.g., Nat'l Jewish Health v. WebMD Health Servs. Grp., Inc.*, 305 F.R.D. 247, 249 n.1 (D. Colo. 2014) (Daniel, J.).

3

interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. *Id.* "[T]he injury must affect the plaintiff in a personal and individual way." *Id.*

In its Objection, Plaintiff argues that it has adequately pled a particularized, concrete, and actual injury-in-fact—Defendant's "illegal and unconstitutional use of [Plaintiff's] Capital Facilities Fees[.]" ECF No. 43 at 5. Plaintiff contends that Magistrate Judge Varholak overlooked its injury allegation and asserts that Defendant's violation of C.R.S. § 29-1-803(1) "resulted in the unlawful commingling of Plaintiff's Capital Facilities Fees payment with funds collected and available for general administrative expenses." *Id.*

The Court finds that Plaintiff lacks standing to pursue its claim for violation of C.R.S. § 29-1-803(1). That Section provides:

> All moneys from land development charges collected, including any such moneys collected but not expended prior to January 1, 1991, shall be deposited or, if collected for another local government, transmitted for deposit, in an interest-bearing account which clearly identifies the category, account, or fund of capital expenditure for which such charge was imposed. Each such category, account, or fund shall be accounted for separately. The determination as to whether the accounting requirement shall be by category, account, or fund and by aggregate or individual land development shall be within the discretion of the local government. Any interest or other income earned on moneys deposited in said interest-bearing account shall be credited to the account. At least once annually, the local government shall publish on its official website, if any, in a clear, concise, and user-friendly format information detailing the allocation by dollar amount of each land development charge collected to an account or among accounts, the average annual interest rate on each account, and the total amount disbursed from each account, during the local government's most recent fiscal year.

C.R.S. § 29-1-803(1).

Importantly, the statute does not explicitly provide for a private right of action[2]. And "Colorado courts do not often conclude the existence of an implied private right of action that confers standing." *See Lawrence v. Bonaventure of Castle Rock*, No. 22-CV-01143-WJM-KLM, 2022 WL 17960556, at *3 (D. Colo. Dec. 27, 2022), *report and recommendation adopted*, No. 22-CV-1143-WJM-KAS, 2023 WL 6976050 (D. Colo. Oct. 23, 2023) (citing *City of Arvada v. Denver Health & Hosp. Auth.*, 403 P.3d 609, 613 (Colo. 2017)). To determine whether there is an implied private right of action, the Court is required to examine: (1) "whether the plaintiff is within the class of persons intended to be benefitted by the legislative enactment"; (2) "whether the legislature intended to create, albeit implicitly, a private right of action"; and (3) "whether an implied civil remedy would be consistent with the purposes of the legislative scheme." *Id.* (quoting *City of Arvada*, 403 P.3d at 613).

The Court finds that there is not an implied private right of action to bring suit under the statute at issue. Although it appears that Plaintiff is within the class of persons intended to be benefitted by the legislative enactment, it does not appear that the legislature intended to implicitly create a private right of action. Nor does it appear that an implied civil remedy would be consistent with the purposes of the legislative scheme. The statute's legislative declaration explains that the purpose behind establishing statewide standards governing accountability for land development charges "is to ensure reasonable certainty, stability, and fairness in the use to which moneys generated by such

---

[2] Magistrate Judge Varholak did not address the private right of action issue, but the Court finds that this issue is an important part of the standing analysis. *See City of Arvada v. Denver Health & Hosp. Auth.*, 403 P.3d 609, 613 (Colo. 2017) ("[C]ourts must consider whether a statute creates a private right of action as a matter of standing . . . .").

5

charges are put and to promote public confidence in local government finance." C.R.S. § 29-1-801. As Magistrate Judge Varholak recognized (and Plaintiff does not dispute), C.R.S. § 29-1-803(1) affords property owners and the public transparency to monitor expenditure of the collected fees; it does not direct or govern how such fees should be used or identify unlawful or unauthorized uses of such fees. Requiring that local governments be transparent about their spending is not the same as creating a remedy for allegedly unlawful spending. To craft the remedy that Plaintiff seeks—the reimbursement of Plaintiff's paid Capital Facilities Fees and a declaration that Defendant has no right to deposit such fees in a separate account—is not consistent with the purposes of this statutory scheme and would invade the province of the Colorado legislature. Because there is no express or implied right of action to bring suit under the statute at issue, the Court finds that Plaintiff does not have standing to pursue its claim.

And even if there was a private right of action, the Court does not find that Plaintiff's alleged injury-in-fact—Defendant's unlawful use of Plaintiff's Capital Facilities Fees payments—is fairly traceable to Defendant's alleged violation of C.R.S. § 29-1-803(1). To show that an injury is "fairly traceable" to the challenged conduct, a plaintiff must allege "a substantial likelihood that the defendant's conduct caused plaintiff's injury in fact." *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1156 (10th Cir. 2005). At the motion to dismiss stage, a plaintiff can satisfy the "fairly traceable" requirement by advancing allegations which, if proven, allow for the conclusion that the challenged conduct is a "but for" cause of the injury. *Petrella v. Brownback*, 697 F.3d 1285, 1293 (10th Cir. 2012) (citing *Duke*

6

*Power Co. v. Carolina Env't Study Grp., Inc.*, 438 U.S. 59, 74–78, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978)).

Here, Defendant's alleged failure to properly account for the Capital Facilities Fees pursuant to C.R.S. § 29-1-803(1) is not a "but for" cause of the alleged unlawful spending of those fees. Plaintiff, like other property owners, would be subject to the payment of Capital Facilities Fees regardless of Defendant's compliance with the statute at issue. And the fact that certain charges or fees are not accounted for does not mean that they were improperly used, just as the fact that charges or fees *are* accounted does not mean that they were properly used. The statute aims to ensure transparency as to how land development charges are used, but it does not require or ensure proper use. And Plaintiff does not allege that it was harmed by an improper accounting or by the lack of transparency; it alleges that it was harmed by the improper use. Accordingly, the Court finds that Plaintiff has failed to allege how the Defendant's unlawful use of Capital Facilities Fees can be traced to the violation of C.R.S. § 29-1-803(1).

Further, the Court agrees with Magistrate Judge Varholak that, as in *U.S. v. Richardson*, 418 U.S. 166 (1974), any alleged injury caused by Defendant's violation of C.R.S. § 29-1-803(1) amounts to a generalized grievance. ECF No. 42 at 26. Any interest Plaintiff has regarding the transparency of Defendant's expenditures or the method by which the Defendant deposits or accounts for land development charges is a general interest shared with other property owners subject to such charges and members of the public interested in transparency of local government expenditures.

For these reasons, the Court overrules Plaintiff's objection and dismisses Count III for lack of standing.

B.     **Count IV**

Plaintiff also objects to Magistrate Judge Varholak's determination that it has failed to state a claim for illegal material modification under the Defendant's Service Plan. Plaintiff contends that the Magistrate Judge misconstrued Count IV and maintains that while Defendant can *fund* capital improvements, it is an illegal material modification of the Service Plan to the extent that Defendant *may be constructing* capital improvements. ECF No. 15 at ¶¶ 92-97. The Court is not persuaded by Plaintiff's argument.

Before forming a special district, a potential municipality must submit a service plan. *See* C.R.S. § 21-1-102(1). "Once established, a special district must conform to its service plan 'so far as practicable.'" *Indian Mt. Corp. v. Indian Mt. Metro. Dist.*, 412 P.3d 881, 893 (Colo. App. 2016) (citing C.R.S. § 3-1-207(1)). "Further, any material modifications to the service plan must be approved by the board of county commissioners." *Id.* (citing C.R.S. § 32-1-207(2)(a). But "[a]pproval for modification shall not be required for changes necessary only for the execution of the original service plan." *Id.* "To determine whether a service plan has been materially modified, the court must analyze the language of the service plan and give effect to its plain and ordinary meaning." ECF No. 42 at 28 (citing *Indian Mt. Corp.*, 412 P.3d at 893).

After analyzing the language of the Service Plan, Magistrate Judge Varholak "disagree[d] with Plaintiff's interpretation that, under the Service Plan, "[Defendant] does not have the ability to undertake the construction or acquisition of any infrastructure,

8

improvements, or facilities or to provide any related services within its Service Area." ECF No. 42 at 28. Magistrate Judge Varholak did not misconstrue Count IV; he directly quoted from the allegations in Count IV and determined that the Service Plan permits the actions that Plaintiff challenges as illegal material modifications. *See id.* at 28-29. The Court agrees with Magistrate Judge Varholak's analysis of the Service Plan and the conclusion that Plaintiff has not sufficiently alleged a material modification.

The Court also rejects Plaintiff's argument that Count IV should not be dismissed because it is a "hypothetical claim" that is permitted by Fed. R. Civ. P. 8(d)(2). Although Rule 8(d)(2) permits a party to state alternative claims, it does not excuse a party from satisfying the Rule 12(b)(6) burden to state a plausible claim. As the Magistrate Judge pointed out, "Plaintiff must plead more than just bald conclusory allegations; Plaintiff must make some attempt to specify the ways in which financing public improvements, for example, contravenes the Service Plan." ECF No. 42 at 29. Plaintiff has failed to do so. In its Objection, Plaintiff concedes that Defendant may finance public improvements, but argues that it may be using Capital Facilities Fees for some improper purpose which could consist of a material modification of the Service Plan. Such conclusory allegations that amount to a recitation of the elements of the cause of action cannot survive a motion to dismiss. *See Curran v. Fedex Ground Package Sys.*, 593 F. Supp. 2d 341, 344 (D. Mass. 2009) (where plaintiffs simply "hypothesize" their claim, it is exactly the kind of 'might be' pleading that the Supreme Court denigrated in *Twombly*") (citing *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007).

9

Accordingly, the Court overrules Plaintiff's objection and dismisses Count IV for failure to state a claim.

### III.   CONCLUSION

For the reasons stated herein, Plaintiff's Objection to the Recommendation, ECF No. 43, is **OVERRULED**. Accordingly, the Court **ORDERS**:

1. The Magistrate Judge's Recommendation, ECF No. 42, is **ACCEPTED** and **ADOPTED**;

2. The Defendant's Motion to Dismiss, ECF No. 19, is **GRANTED IN PART** to the extent it seeks to dismiss Count III, Count IV, Count VI and Count IX, and **DENIED IN PART** to the extent it seeks to dismiss Count I, Count II, Count V, Count VII, and Count VIII.

DATED:  February 26, 2024

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge